NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE KING, <br><br> Petitioner, <br><br> v. <br><br> ADMINISTRATOR STEPHEN JOHNSON, <br><br> Respondent. | Civ. No. 16-1620 (PGS) <br><br><br><br> MEMORANDUM |

**PETER G. SHERIDAN, U.S.D.J.**

1.  Petitioner is proceeding pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 6).

2.  Petitioner pled guilty to first-degree murder, N.J.S.A. § 2C:11-3, on January 4, 2007 in the Superior Court of New Jersey, Law Division, Middlesex County. (ECF No. 6 ¶ 1). He did not file a direct appeal. (*Id.* ¶ 8).

3.  On December 10, 2009, Petitioner filed a petition for post-conviction relief ("PCR"). (*Id.* ¶ 11). The Honorable Lorraine Pullen, J.S.C., denied the petition on June 21, 2011. (ECF No. 6-2 at 6). Petitioner appealed to the New Jersey Superior Court, Appellate Division ("Appellate Division"). (*Id.* at 12).

4.  The Appellate Division affirmed the findings of the PCR court and denied the appeal on February 19, 2014. *State of New Jersey v. George King*, No. A-1704-11 (N.J. Super. Ct. App. Div. Feb. 19, 2014); (ECF No. 6-3 at 1). According to the materials submitted with the amended petition, the New Jersey Supreme Court dismissed the petition for certification due to

lack of prosecution. *State of New Jersey v. George King*, No. 074230 (N.J. Aug. 1, 2014); (ECF No. 6-3 at 10). A Westlaw search indicates the New Jersey Supreme Court denied certification on November 6, 2015. *State of New Jersey v. George King*, 125 A.3d 391 (N.J. 2015) (Table).

5. Petitioner filed this habeas petition on March 23, 2016. (ECF No. 1 at 17). After this Court administratively terminated the petition for failure to use the form provided by the Clerk, (ECF No. 2), Petitioner submitted an amended petition on February 19, 2019. (ECF No. 6).

6. Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

7. Petitioner did not file a direct appeal. Therefore, his conviction became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). This would have been on approximately March 12, 2007.[1]

8. A properly-filed PCR petition tolls the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). However, nothing remained in the statutory period to toll because Petitioner's year expired on March 12, 2008, more than a year before he filed his PCR petition in the Middlesex County Law Division.

9. In addition to the time spent before Petitioner filed his PCR petition, Petitioner waited another four months to file his § 2254 petition after the New Jersey Supreme Court denied certification.[2]

10. AEDPA's statute of limitations is subject to equitable tolling in appropriate cases, however. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

11. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. . . . A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

---

[1] Forty-five days to appeal to the Appellate Division, N.J. Ct. R. 2:4-1(a)(1), and twenty days to appeal to the New Jersey Supreme Court, N.J. Ct. R. 2:12-3(a). March 10, 2007 was a Saturday, time to file a petition was therefore extended to Monday, March 12, 2007. Fed. R. Civ. P. 6(a)(1)(C).

[2] The Court gives Petitioner the benefit of the later date of November 6, 2015.

12. "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799-800.

13. In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, ... *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Id.* at 802-03 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

14. "In addition, for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Id.*

15. Petitioner argues he should be given the benefit of equitable tolling because he suffers from mental illness that prevented him from filing a timely habeas petition. He submitted hospital records dated March 2003 and a forensic psychiatrist report conducted in connection with his criminal case, (ECF No. 6-4 at 13). The report is dated August 28, 2003. He also submitted certifications from inmate paralegals who assisted him with his legal filings.

16. The materials submitted by Petitioner do not address the time periods relevant to the equitable tolling determination, *i.e.*, between March 12, 2007 and December 10, 2009 and between November 6, 2015 and March 26, 2016.

17. In the interests of justice, Petitioner shall be given another opportunity to show cause why his petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

18. Any response by Petitioner shall state with specificity any facts that may entitle him to equitable tolling of the statute of limitations.

19. An appropriate order follows.

DATED: 3/29, 2019

_____
PETER G. SHERIDAN
United States District Judge