UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GEORGE KING,

    Petitioner,

v.

ADMINISTRATOR STEPHEN JOHNSON, et al.,

    Respondent.

Civ. No. 16-1620 (PGS)

**OPINION**

**PETER G. SHERIDAN, U.S.D.J.**

    **I.    INTRODUCTION**

Petitioner George King ("King" or "Petitioner") is a state prisoner proceeding *pro se* with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Previously, this Court issued a memorandum and order to show cause on Petitioner why his habeas petition should not be dismissed as untimely. (*See* ECF 7 & 8). Petitioner filed a response to the order to show cause arguing that he should be entitled to equitable tolling *(see* ECF 16), as well as a request to stay these proceedings. (*See* ECF 13). For the following reasons, the habeas petition will be dismissed as untimely and Petitioner's request for a stay will be denied. However, this Court will grant a certificate of appealability on the issue of whether Petitioner's § 2254 habeas petition should be considered timely.

    **II.    FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner pled guilty and was sentenced to first-degree murder on January 4, 2007 in the New Jersey Superior Court, Law Division Middlesex County. (*See* ECF 6 at 2). He did not file a direct appeal. (*See id.* at 3).

On December 10, 2009, Petitioner filed a petition for post-conviction relief ("PCR"). (*See id.* at 4). The Superior Court denied the PCR petition on June 21, 2011. (*See* ECF 6-2 at 6). The Appellate Division affirmed that denial on February 19, 2014. (*See* ECF 6-3 at 1-8). According to materials Petitioner attached to his amended habeas petition, the New Jersey Supreme Court dismissed the petition for certification on August 1, 2014 for lack of prosecution. (*See id.* at 10). Nevertheless, a subsequent Westlaw search indicates that the New Jersey Supreme Court also denied certification again on November 6, 2015. *See State v. King*, 125 A.3d 391 (N.J. 2015) (Table).

Petitioner filed his federal habeas petition in this Court on March 16, 2016 pursuant to the prisoner mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *see also Maples v. Warren*, No. 12–0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition."). Initially, this Court administratively terminated this matter as Petitioner did not use the § 2254 form provided by the Clerk. (*See* ECF 2). Thereafter, Petitioner submitted an amended habeas petition in February, 2019. (*See* ECF 6).

On March 29, 2019, this Court issued a memorandum and order to show cause on Petitioner. (*See* ECF 7 & 8). As detailed in the March 29, 2019 memorandum, Petitioner's conviction became final for purposes of the beginning of the running of the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) on March 12, 2007. (*See* ECF 7 at 3). As this Court explained, statutory tolling under 28 U.S.C. § 2244(d)(2) was not available to make Petitioner's federal habeas petition timely because he did not file his PCR petition until December 10, 2009, well after his

AEDPA statute of limitations expired on March 12, 2008. *See Long v. Wilson,* 393 F.3d 390, 394–95 (3d Cir. 2004) (state post-conviction relief petition had no effect on tolling because the limitations period had already run when it was filed).

As for equitable tolling, this Court's March 29, 2019 memorandum found that Petitioner had not yet made a sufficient showing to warrant equitable tolling. (*See* ECF 7 at 3-4). Accordingly, this Court gave Petitioner the opportunity to make an equitable tolling showing. This Court received Petitioner's response to the order to show cause on December 6, 2019. (*See* ECF 16).

### III. DISCUSSION

As noted in this Court's March 29, 2019 memorandum, the remaining issue in this case is whether Petitioner is entitled to equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuiglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013). "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

For equitable tolling to apply, the Third Circuit has required a showing of reasonable diligence:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing

3

> *Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010)]. "This
> obligation does not pertain solely to the filing of the federal habeas
> petition, rather it is an obligation that exists during the period
> appellant is exhausting state court remedies as well." *LaCava v.
> Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).... The fact that a
> petitioner is proceeding pro se does not insulate him from the
> 'reasonable diligence inquiry and his lack of legal knowledge or
> legal training does not alone justify equitable tolling. *See Brown v.
> Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

Petitioner claims that he is entitled to equitable tolling due to extraordinary circumstances. More specifically, he claims that he was unable to file his federal habeas petition on time due to various psychiatric medications he had previously been prescribed. (*See* ECF 16 at 2-4). Nevertheless, Petitioner does note that he has not been prescribed anti-psychotic medications since 2008. (*See id.* at 3). However, he asserts that he continues to be plagued by their long-lasting effects. (*See id.*) Additionally, he claims that he suffered a knee injury in 2006 and was confined to his call and not allowed to leave his unit. (*See id.*) This lasted until 2008 when Petitioner had his knee replaced. (*See id.*) Additionally, Petitioner states that he suffered a back injury in 2015 and had back surgery on October 4, 2016. (*See id.*) He claims that he suffered a setback on his back in June 2018 that required him to be hospitalized. (*See id.*) Finally, Petitioner states that he still requires the help from the prison's paralegal to help write his briefs. (*See id.* at 4).

At the outset, this Court notes that Petitioner's need for the use of a prison paralegal is insufficient in these circumstances to warrant equitable tolling as Petitioner's lack of legal knowledge does not alone warrant equitable tolling. *See Brown*, 322 F.3d at 774.

Next, mental illness is not *per se* a basis for equitable tolling. *See Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), *overruled in part on other grounds by, Carey v. Saffold*, 536 U.S. 214 (2002). "For tolling to be appropriate, "'the alleged mental incompetence must somehow have affected the petitioner's ability to file' a timely action." *Champney v. Sec'y Pa. Dep't of Corr.*, 469 F. App'x 113, 117 (3d Cir. 2012) (citing *Nara*, 264 F.3d at 320; *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010)). In determining whether the mental illness constitutes an extraordinary circumstance for tolling the statute of limitations, the court will consider a non-exhaustive list of factors, such as:

> "(1) [whether] the petitioner [was] adjudicated incompetent and, if so, when did the adjudication occur in relation to the habeas statutory period; (2) [whether] the petitioner [was] institutionalized for his mental impairment; (3) [whether] the petitioner handled or assisted in other legal materials which required action during the federal limitations period; and (4) [whether] the petitioner supported his allegations of impairment with extrinsic evidence such as evaluations and/or medications."

*Champney*, 469 F. App'x at 118 (quoting *Passmore v. Pennsylvania*, No. 08–0705, 2008 WL 2518108, at *3 (M.D. Pa. June 19, 2008) (citing *McCray v. Oxley*, 553 F. Supp. 2d 368, 372 (D. Del. 2008))). Additionally, some courts have noted that "[a] mental condition which burdens but does not prevent a petitioner from meeting timely filing requirements does not constitute 'extraordinary circumstances' for the purposes of equitable tolling." *Martin v. Giroux*, No. 11–6229, 2013 WL 3819431, at *3 (E.D. Pa. July 23, 2013) (citing *United States v. Harris*, 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003)) (footnoted omitted).

It does not appear that Petitioner was ever adjudicated incompetent in relation to the habeas statutory period. While Petitioner attaches medical records and documents, none indicate that he was adjudicated incompetent or institutionalized for his mental impairment after his judgment became final in 2007. Furthermore, Petitioner was able to timely file a PCR petition in the state courts in 2009. Next, it is worth noting that Petitioner explains that he stopped being prescribed anti-psychotic medications in 2008. While petitioner alludes to being plagued by their long-lasting effects, even if true, such effects did not prevent him from filing a timely PCR petition in 2009 in state court.

Finally, Petitioner does not state what date his knee was replaced in 2008, nor when he stopped being prescribed anti-psychotic medications in 2008. Even if this Court were to assume that these both occurred on the last day of 2008, December 31st, and this Court were to equitably toll the AEDPA statute of limitations through that date, Petitioner's federal habeas petition would still be untimely. Under this scenario, Petitioner's December 10, 2009 PCR petition would have acted to statutorily toll the AEDPA statute of limitations with approximately twenty-one days remaining in the one-year AEDPA limitations period. This statutory tolling would end and the remaining twenty-one days left on the AEDPA statute of limitations would begin to run again on November 6, 2015, the date that the New Jersey Supreme Court denied certification on Petitioner's PCR petition.[1] Petitioner though did not file his federal habeas petition until March, 2016, well after the twenty-one days remaining under this scenario would have run.

---

[1] There is no indication that Petitioner filed a petition for writ of certiorari with the United States Supreme Court on the New Jersey Supreme Court's denial of his petition for certification on the denial of his PCR petition. The ninety days in which he could have sought a writ of certiorari on the denial of his PCR petition does not toll the AEDPA statute of limitations. *See Stokes v. District Attorney of Cty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001) (finding that if a petitioner does not seek certiorari from the United States Supreme Court on a *PCR petition*, the ninety-day period for which he could have done so does not toll the statute of limitations).

Accordingly, for the reasons described above, this Court finds that Petitioner has failed to adequately show that extraordinary circumstances prevented him from filing his federal habeas petition on time. Thus, the habeas petition will be summarily denied as time-barred.

IV.     **CERTIFICATE OF APPEALABILITY**

The AEDPA provides that an appeal may not be taken to the Court of Appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability stating that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel,* 529 U.S. 473, 484 (2000), the United States Supreme Court held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* This Court will grant a certificate of appealability on the issue of the timeliness of Petitioner's § 2254 habeas petition.

V.      **REQUEST FOR STAY AND ABEYANCE**

Petitioner has also filed a request for a stay and abeyance. (*See* ECF 13). Petitioner seeks a stay and abeyance so that he can pursue a purported ineffective assistance of counsel claim in the state court that his trial attorney never gave him records from his commitment order to Ann Klein Forensic Center from University Hospital. (*See id.* at 1). Petitioner claims that these records show that he was not guilty of the murder offense by reason of insanity. (*See id.*)

While not entirely clear, Petitioner may be seeking a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the United States Supreme Court noted as follows:

> [S]tay and abeyance should be available only in limited
> circumstances. Because granting a stay effectively excuses a

> petitioner's failure to present his claims first to the state courts, stay
> and abeyance is only appropriate when the district court
> determines there was good cause for the petitioner's failure to
> exhaust his claims first in state court. Moreover, even if a
> petitioner had good cause for that failure, the district court would
> abuse its discretion if it were to grant him a stay when his
> unexhausted claims are plainly meritless.

*Rhines*, 544 U.S. at 277.

First, it is not altogether clear that this claim is in fact unexhausted. Indeed, Petitioner states in his amended habeas petition that he raised this issue in his post-conviction relief proceedings in state court. (*See* ECF 6 at 4-5). Additionally, the Appellate Division opinion during the post-conviction relief proceedings denied Petitioner's claim that trial counsel failed to pursue an insanity or diminished capacity defense. (*See* ECF 6-3 at 8). Thus, it appears that a *Rhines* stay is unwarranted because the claim is already exhausted. Nevertheless, even assuming *arguendo* that it is not exhausted, Petitioner has not shown good cause for why he would have failed to exhaust this claim in state court prior to bringing this federal habeas action. Therefore, a *Rhines* stay is not warranted for this reason as well.

Finally, as this Court has already concluded that Petitioner's underlying amended federal habeas petition is untimely, this provides yet another reason for denying Petitioner's request for a stay and abeyance of these proceedings at this time.

## VI. CONCLUSION

For the foregoing reasons, Petitioner's amended habeas petition is summarily denied as untimely. Petitioner's request for a stay and abeyance is denied. A certificate of appealability will issue on whether Petitioner's § 2254 habeas petition should be considered timely. An appropriate order will be entered.

<i>s/Peter G. Sheridan</i><br>
PETER G. SHERIDAN, U.S.D.J.

DATED: March 30, 2020