UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GEORGE KING,

    Petitioner,

v.

ADMINISTRATOR STEPHEN JOHNSON, et al.,

    Respondents.

Civ. No. 16-1620 (PGS)

**OPINION**

**PETER G. SHERIDAN, U.S.D.J.**

## I. INTRODUCTION

Petitioner is a state prisoner proceeding *pro se* with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending before this Court is Petitioner's motion to vacate and reinstate the original order denying his habeas corpus petition pursuant to Federal Rule of Civil Procedure 60(b)(6). The Clerk shall reopen this matter so that this motion can be decided. For the following reasons, Petitioner's Rule 60(b)(6) motion is denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2020, this Court issued an opinion and order summarily denying Petitioner's amended habeas petition as untimely. (*See* ECF 17 & 18). In a document dated June 22, 2020, or eighty-three days after this Court denied Petitioner's habeas petition, Petitioner filed a motion for an extension of time to file an appeal. (*See* ECF 19). In that motion, Petitioner asserted his movement within the prison had been severely limited due to the COVID-19 pandemic. (*See* ECF 19-2 at 1-2). Petitioner claimed access to the prison law library had been limited due to social distancing which minimized his access to legal resources. (*See id.*).

On July 10, 2020, this Court denied Petitioner's motion for an extension of time to file a notice of appeal. First, this Court noted Petitioner could not get relief under Federal Rule of Appellate Procedure 4(a)(5) because his motion for an extension of time to file an appeal was filed more than thirty days after his time to appeal had expired. (*See* ECF 21 at 2). Furthermore, Petitioner was not entitled to relief under Federal Rule of Appellate Procedure 4(a)(6) because he did not assert that he did not receive notice of this Court's March 31, 2020 order within twenty-one days after it was entered. (*See id.* at 2-3).

Thereafter, in November, 2020, Petitioner filed the motion currently pending before this Court. (*See* ECF 23). Petitioner seeks to have this Court vacate and reinstate the original order denying his habeas petition so that he can thereafter file a timely notice of appeal. Petitioner states that in March, 2020, East Jersey State Prison, where he is incarcerated, instituted a lockdown which "substantially reduced" access to legal services, including copying and printing services. (*See id.* at 1). Petitioner also includes a declaration from an inmate paralegal who has been assisting Petitioner with this case. (*See* ECF 23-2). The inmate paralegal makes similar arguments to Petitioner, noting the East Jersey State Prison lockdown in March, 2020 due to Covid-19 which "substantially reduced" access to legal, printing and copying services. (*See id.* at 23-2 at 1-2). The inmate paralegal further states he was unable to confer with Petitioner until June 2020 when Petitioner was moved to the same housing unit. (*See id.* at 2).

### III. LEGAL STANDARD

> "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005). Specifically at issue in this case is Rule 60(b)(6), which "is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any ... reason' other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113,

120 (3d Cir. 2014) *cert. denied sub nom. Wetzel v. Cox*, 135 S. Ct. 1548, 191 L. Ed. 2d 663 (2015).

Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). "A court may grant a Rule 60(b) motion only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided." *Weber v. Pierce*, No. 13-283, 2016 WL 2771122, at *2 (D. Del. May 13, 2016) (citations and footnote omitted*); see also Cox*, 757 F.3d at 120 (quoting *Sawka v. Healtheast, Inc.,* 989 F.2d 138, 140 (3d Cir. 1993)). Further, where, as here, a district court is presented with a motion for reconsideration after it has denied a petitioner's § 2254 application, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(b). The Third Circuit has explained that,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon,* 380 F.3d 721, 727 (3d Cir. 2004); *see also Parham*, 496 Fed. Appx. at 184 (citing *Gonzalez*, 545 U.S. at 524, 530)

*Jones v. Lagana*, No. 12-5823, 2016 WL 4154677, at *1–2 (D.N.J. Aug. 3, 2016).

Petitioner's Rule 60(b) motion does not seek to collaterally attack his underlying conviction. Accordingly, this Court can adjudicate his motion on the merits.

The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show "extraordinary circumstances" to justify reopening a final judgment. *Gonzalez*, 545 U.S. at 536.

> [Extraordinary circumstances involve[ ] a showing that[,] without relief from the judgment, "an 'extreme' and 'unexpected' hardship

3

> will result." This "hardship" requirement may sometimes be satisfied when the judgment "precluded an adjudication on the merits."

*Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014), *cert. denied*, 135 S. Ct. 1532, 191 L. Ed. 2d 562 (2015), *reh'g denied*, 135 S. Ct. 1918, 191 L. Ed. 2d 781 (2015) (quoting *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008)). Such extraordinary circumstances "rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

## IV.     DISCUSSION

As noted above, Petitioner seeks Rule 60(b)(6) relief to reinstate his time to file a notice of appeal. Before reaching the question of whether Petitioner has shown extraordinary circumstances to warrant relief under Rule 60(b)(6), this Court must first answer whether Rule 60(b)(6) can be used to effectively reinstate Petitioner's time to file a notice of appeal.

At the outset, it is important to note that this *is not* a lack of notice case. Indeed, where a petitioner seeks to reopen the time to file an appeal due to a lack of notice of the underlying order dismissing or denying his case, courts have found that a petitioner must proceed through Federal Rule of Appellate Procedure 4(a)(6) rather than 60(b) to reopen the time to file an appeal. *See Edwards v. New Jersey*, No. 13-214, 2019 WL 6606813, at *3 (D.N.J. Dec. 4, 2019); *See also Baker v. United States*, 534 F. Supp. 2d 578, 583 (W.D. Pa. 2008) ("Although some courts used to rely on this provision as a basis for reinstating appellate rights . . . that practice is no longer viewed as permissible. The consensus view among federal courts is that Fed. R. App. P. 4(a)(6) provides the exclusive remedy where a party's time to appeal a ruling has lapsed due to lack of notice.") (internal and other citations omitted). Comparatively, courts have noted a party can seek to reinstate appeal rights under Rule 60(b) in non lack-of-notice cases. *See, e.g., Washington v. Ryan*, 833 F.3d 1087, 1091 (9th Cir. 2016). Therefore, this Court finds Petitioner

can seek the relief he is seeking under Rule 60(b) because his motion does not involve a lack of notice.

Nevertheless, Petitioner fails to show that he is entitled to extraordinary relief under Rule 60(b)(6) to reinstate his time to file a notice of appeal. Petitioner principally relies on three cases to support his motion. For the following reasons, this Court finds all three cases readily distinguishable.

In *Tanner v. Yukins*, 776 F.3d 434 (6th Cir. 2015), the Seventh Circuit found extraordinary circumstances warranted granting the habeas petitioner's Rule 60(b)(6) motion. As explained by a court analyzing *Tanner*,

> The district court's judgment denying Tanner's habeas corpus petition was entered on November 8, 2005, making her notice of appeal due no later than December 8, 2005. *Id.* at 443. Tanner, who is functionally illiterate, sought assistance from a prison writ-writer. *Id.* at 436. The prison legal assistant helped Tanner request her prison account information, which she needed to append to her application to proceed *in forma pauperis*. When the legal assistant received the document on December 5, 2005, Tanner's housing unit was on lockdown. The legal assistant attempted to meet with Tanner on December 6, 2005, so that Tanner could sign the legal papers. Tanner asked two prison guards for permission to go to the law library so that she could sign the papers. She told both guards that her ability to file a timely appeal was at risk; they refused her request. *Id.* The lockdown was lifted on December 8, and Tanner promptly signed her legal documents and sent them to the mailroom for handling as expedited legal mail. *Id.* Her legal mail reached the mailroom on December 9, and was considered by the Sixth Circuit as filed on that date. *Id.* The district court failed to recognize that the notice of appeal was untimely, docketed the notice of appeal and granted a certificate of appealability. *Id.* at 436-37. Petitioner did not learn her notice of appeal had been untimely until it was docketed with the Court of Appeals on January 9, 2006, two days beyond the time for filing a timely request for an extension of the thirty-day period for filing a notice of appeal. *Id.* at 437. The Court of Appeals found the appeal untimely and dismissed the appeal for lack of jurisdiction. *Id.* Tanner then filed a civil rights action under 42 U.S.C. § 1983, against the prison guards who prevented her from timely filing a

5

notice of appeal during the lockdown. A jury found that the guards' actions caused Tanner's late-filed notice of appeal and awarded her $20,000 in compensatory damages and $7,000 in punitive damages. *Id.* Tanner then returned to district court and filed a motion for relief from judgment under Rule 60(b)(6). She asked the district court to vacate and then reinstate its judgment dismissing her habeas petition because, she argued, "it would be a miscarriage of justice if the district court permitted the prison guards' conduct – verified as unconstitutional by the jury's verdict in her civil rights case – to cause her to lose her right to appeal." *Id.* The district court denied the motion, finding both that Rule 60(b) cannot be used as a means to circumvent Rule 4's time restrictions and, that, even if relief was available under Rule 60(b), Tanner failed to show exceptional circumstances warranting equitable relief. *Id.* at 437-438. The Sixth Circuit reversed the district court's decision, holding that equitable relief was available under Rule 60(b) and that "[t]he extraordinary circumstances [warranting such relief] should have been obvious to the [district] court." *Id.* at 443. The Court of Appeals reasoned that to hold otherwise would, in effect, have been "to acquiesce in the unconstitutional conduct of prison guards" who delayed Tanner's ability to file an appeal. *Id.* at 439. The Court of Appeals further noted that Tanner, who was functionally illiterate, demonstrated diligence at each step of her long path of litigation. *Id.* 443. Given the "rare" circumstances of Tanner's case, *id.* at 444, the Court of Appeals ordered the district court to vacate its judgment dismissing the petition and re-enter the judgment, starting anew Rule 4(a)(1)(A)'s thirty-day time limit.

*Taylor v. Smith*, No. 12-15624, 2015 WL 5766497, at *2 (E.D. Mich. Oct. 2, 2015).

Petitioner does not challenge that he did not receive timely notice of this Court's decision denying his habeas petition. Further, unlike the petitioner in Tanner, he does not claim he is functionally illiterate. Additionally, unlike Tanner, Petitioner has not obtained a favorable holding in a civil rights case related to his incarceration during this period. Finally, while he states his ability to use the law library was substantially affected, he does not claim he requested but was refused paper by prison staff to either draft a notice of appeal or seek an extension to file a notice of appeal within either thirty or sixty days respectively.

Petitioner's reliance on *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015) is also misplaced. In that case, the Seventh Circuit determined that the abandonment by petitioner's *counsel* could constitute an extraordinary circumstance to warrant granting Rule 60(b)(6) relief. Here, however, Petitioner did not have counsel. Furthermore, while he had an inmate paralegal assisting him, there is no indication this paralegal "abandoned" him nor does Petitioner's purported inability to confer with him constitute extraordinary circumstances. *See United States v. Headings*, Crim. No. 13-20175, 2021 WL 2187088, at *2 (E.D. Mich. May 28, 2021) (noting inability for inmate to procure assistance from peers does not constitute extraordinary circumstance to warrant granting Rule 60(b)(6) relief as habeas petitioners are not entitled to guaranteed legal assistance); *see also Hamilton v. Warden of Clinton Corr. Facility*, 573 F. Supp. 2d 779, 781 (S.D.N.Y. 2008) ("Hamilton had ultimate responsibility for managing the preparation and timely filing of his habeas petition, and neither his entrusting some aspect of it to another person, or his own ignorance of the filing deadlines, constitutes sufficient "extraordinary circumstances" to warrant equitable tolling.").

Finally, *Washington*, 833 F.3d 1087 is also distinguishable. In *Washington*, a death penalty case, attorney and court error prevented Washington from seeking an extension of time to file a notice of appeal. *See id.* at 1089. First, his notice of appeal was filed by his attorneys one day late. *See id.* at 1090. Then, the District Court failed to promptly send this notice of appeal to the court of appeals. *See id.* Had this been done, then Washington would have still had time to file a motion for an extension of time to file a notice of appeal. *See id.*

Unlike *Washington* though, there has been no allegation of either attorney or court error to warrant finding extraordinary circumstances. Accordingly, this Court cannot find Petitioner's

allegations related to the lockdown at East Jersey State Prison amount to extraordinary circumstances.

V.      **CONCLUSION**

While this Court agrees with Petitioner that Rule 60(b)(6) may be used to reinstate the time to file a notice of appeal, Petitioner fails to make a sufficient showing to warrant a finding that extraordinary circumstances were present. Accordingly, Petitioner's motion is denied. An appropriate order will be entered.

DATED:  June 30, 2021

                                              s/*Peter G. Sheridan*
                                              PETER G. SHERIDAN, U.S.D.J.